<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HOWARD JOHNSON INTERNATIONAL, INC., a Delaware Corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>SATI INVESTMENT, LLC, a Texas limited liability company; and KAUSHIK MASTERS, an individual,<br><br>    Defendants. | Civil Action No. 14-541 (ES)<br><br>OPINION & ORDER |

**SALAS, DISTRICT JUDGE**

   This matter comes before the Court on Plaintiff Howard Johnson International, Inc.'s motion for default judgment as to Defendants Sati Investment, LLC and Kaushik Masters (collectively, the "Defendants") pursuant to Federal Rule of Civil Procedure 55(b)(2). The motion is unopposed. Having considered Plaintiff's submissions, the Court hereby GRANTS Plaintiff's motion for default judgment.

**I.  FACTUAL BACKGROUND**

   On December 7, 2000, Plaintiff entered into a license agreement (the "License Agreement" or "Agreement") with Sati Investment for the operation of a 50-room Howard Johnson guest lodging facility located in Fort Worth, Texas. (D.E. No. 1, Complaint ("Compl.") ¶ 9; *see also* D.E. No. 1, Ex. A ("License Agr.")). Pursuant to the License Agreement, Sati Investment was required to make periodic payments to Plaintiff for royalties, taxes, reservation system user fees, and other fees (collectively, "Recurring Fees"). (Compl. ¶ 11). Pursuant to section 11.2 of the License Agreement, Plaintiff could terminate the License Agreement should Sati Investment fail

to meet its financial obligations.  (*Id.* ¶ 15; License Agr. § 11.2).  Pursuant to section 12.1 of the License Agreement, Sati Investment agreed that, in the event of a termination of the Agreement under section 11.2, it would pay Plaintiff liquidated damages in accordance with a formula detailed in the Agreement.  (Compl. ¶ 16; License Agr. § 12.1).  Additionally, pursuant to section 17.4 of the License Agreement, Sati Investment agreed that the non-prevailing party would be obligated to "pay all costs and expenses, including reasonable attorneys' fees, incurred by the prevailing party to enforce this Agreement or collect amounts owed under this Agreement."  (License Agr. § 17.4; *see also* Compl. ¶ 17).

On or about June 21, 2010, Plaintiff and Sati Investment entered into a Connectivity Equipment Lease and Services Addendum (the "Connectivity Addendum").  (Compl. ¶ 18; *see also* D.E. No. 1, Ex. B ("Connectivity Addendum")).  Pursuant to the Connectivity Addendum, Sati Investment agreed that, in the event the Connectivity Addendum was terminated, including by virtue of terminating the License Agreement, it would pay Addendum Early Termination Costs and an Early Termination Fee to Plaintiff in accordance with a formula specified in the Connectivity Addendum.  (Compl. ¶ 19).

Effective as of the date of the License Agreement, Kaushik Masters, a principal of Sati Investment, provided Plaintiff with a Guaranty of Sati Investment's obligations under the Agreement.  (*Id.* ¶¶ 3, 20; D.E. No. 1, Ex. C ("Guaranty")).  Under the terms of the Guaranty, Masters agreed that, upon a default under the License Agreement, he would "immediately make each payment and perform or cause [Sati Investment] to perform, each unpaid or unperformed obligation of [Sati Investment] under the [License] Agreement."  (Guaranty at 1; *see also* Compl. ¶ 21).  Masters also agreed to pay the costs, including reasonable attorneys' fees, incurred by Plaintiff in enforcing its rights or remedies under the Guaranty or the License Agreement.  (Compl.

¶ 22; Guaranty at 1 (acknowledging that "Section 17 of the [License] Agreement, including Remedies . . . applies to this Guaranty")).

Starting in 2007, Sati Investment repeatedly failed to timely comply with its financial obligations to Plaintiff. (Compl. ¶ 23). By letters dated May 25, 2011, October 13, 2011, and March 16, 2012, Plaintiff notified Sati Investment that it was in breach of the License Agreement because it owed outstanding Recurring Fees, and Plaintiff advised Sati Investment that it had ten days to cure the monetary default or risk termination of the Agreement. (*Id.* ¶¶ 26-28). By letter dated March 28, 2012, Plaintiff terminated the License Agreement effective March 28, 2012 and advised Sati Investment that it was obligated to pay liquidated damages in the amount of $60,510.55 pursuant to the License Agreement and the Connectivity Addendum. (*Id.* ¶ 29). Furthermore, Plaintiff advised Sati Investment that it was required to pay all outstanding Recurring Fees through the date of termination. (*Id.*).

On January 27, 2014, Plaintiff filed the instant Complaint. (D.E. No. 1). Plaintiff enlisted the services of Recon Management Group to effectuate personal service upon Defendants. (D.E. No 9-2, Certification of Bryan P. Couch in Support of Motion for Final Judgment by Default ("Couch Cert.") ¶ 4). On February 4, 2014, Defendants were served with a copy of the Summons and Complaint. (*Id.* ¶ 5; *see also* D.E. No. 5, Summons Returned Executed).

Plaintiff's Complaint contains five claims against Sati Investment, respectively: (1) an accounting claim; (2) a breach of contract claim for liquidated damages; (3) a claim in the alternative for actual damages in an amount to be determined at trial if the Court decides that Sati Investment is not liable to pay Plaintiff liquidated damages; (4) a breach of contract claim for Recurring Fees; and (5) an unjust enrichment claim. (Compl. at 7-11). Additionally, Plaintiff asserts that, pursuant to the Guaranty, Masters is liable to Plaintiff for Sati Investment's liquidated

damages in the amount of $60,510.55 or for actual damages in an amount to be determined at trial; Plaintiff also claims that Masters is liable to Plaintiff for Recurring Fees. (*Id.* at 11-12). Finally, Plaintiff seeks interest, attorneys' fees, and costs of suit. (*Id.* at 9-12).

The time for filing an answer has expired, and Defendants have neither been granted an extension of time within which to answer, nor interposed an answer nor otherwise responded to the Complaint. On July 1, 2014, Plaintiff requested an entry of default against Defendants. (D.E. No. 8). The Clerk of the Court entered default that same day. (D.E. dated July 1, 2014). By letter dated July 3, 2014, Plaintiff served Defendants with a copy of Plaintiff's request for entry of default and the Clerk's resulting entry of default. (Couch Cert. ¶ 8; D.E. No. 9-2, Ex. A). Plaintiff filed the instant motion for default judgment on September 12, 2014. (D.E. No. 9). The motion is unopposed.

## II.   DISCUSSION

"Before entering default judgment, the Court must address the threshold issue of whether it has personal jurisdiction and subject matter jurisdiction over the parties." *Prudential Ins. Co. of Am. v. Bramlett*, No. 8-119, 2010 WL 2696459, at *1 (D.N.J. July 6, 2010). The Court has subject matter jurisdiction over the instant case pursuant 28 U.S.C. § 1332, as Plaintiff and Defendants are citizens of different states and the amount in controversy in this matter, exclusive of interest and costs, exceeds $75,000. (Compl. ¶¶ 1-5). Furthermore, the Court has personal jurisdiction over Sati Investment pursuant to section 17.6.3 of the License Agreement, as the parties consented "to the non-exclusive personal jurisdiction of . . . the United States District Court for the District of New Jersey." (*Id.* ¶ 6 (quoting License Agr. § 17.6.3)). The Court also has personal jurisdiction over Masters by virtue of the terms of the Guaranty, pursuant to which Masters acknowledged that he was personally bound by section 17 of the License Agreement. (Compl. ¶ 7; Guaranty at 1).

Finally, venue is proper pursuant to section 17.6.3 of the License Agreement, as the parties consented to "venue in . . . the United States District Court for the District of New Jersey." (License Agr. § 17.6.3; *see also* Compl. ¶ 8).

"Before granting a default judgment, the Court must determine (1) whether there is sufficient proof of service; (2) whether a sufficient cause of action was stated; and (3) whether default judgment is proper." *Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co.*, No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012) (internal citations omitted). A party seeking default judgment is not entitled to relief as a matter of right. Rather, "the court may enter a default judgment 'only if the plaintiff's factual allegations establish the right to the requested relief.'" *Ramada Worldwide Inc. v. Courtney Hotels USA, LLC*, No. 11-896, 2012 WL 924385, at *3 (D.N.J. Mar. 19, 2012) (quoting *Nautilus Ins. Co. v. Triple C. Const. Inc.*, No. 10-2164, 2011 WL 42889, at *4 (D.N.J. Jan. 6, 2011)). Notably, "[a] consequence of the entry of a default judgment is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (internal quotation marks omitted); *see also Knights Franchise Sys., Inc. v. Gauri Shivam LLC*, No. 10-5895, 2011 WL 2909321, at *2 (D.N.J. July 18, 2011) ("Because Defendants failed to respond in any way to the Complaint, the Court must accept the truthfulness of [Plaintiff's] well pled allegations.").

First, the Court finds that Plaintiff has provided sufficient proof of service. Plaintiff's counsel, by way of certification, represents that the Summons and Complaint were personally served upon Defendants on February 4, 2014. (Couch Cert. ¶ 5). Additionally, on February 6, 2015, Plaintiff filed executed summonses indicating that Defendants were personally served. (*See* D.E. No. 5, Summons Returned Executed).

Second, the Court concludes that Plaintiff has sufficiently stated a cause of action for breach of contract against Sati Investment and Masters.[1] Pursuant to the choice of law provision set forth in section 17.6.1 of the License Agreement, New Jersey law governs Plaintiff's breach of contract claims. (License Agr. § 17.6.1). In New Jersey, a plaintiff must allege three elements to state a breach of contract claim: "(1) a valid contract, (2) breach of that contract, and (3) damages resulting from that breach." *Ramada Worldwide*, 2012 WL 924385, at *3. "An action seeking recovery under a guaranty is essentially a breach of contract action." *U.S. Bank, N.A. v. Gorman*, No. 11-612, 2012 WL 2919295, at *4 (W.D. Pa. June 7, 2012).

With respect to the claims against Sati Investment, Plaintiff has alleged that: (1) there was a contractual relationship between Plaintiff and Sati Investment based on a License Agreement and Connectivity Addendum that set forth certain obligations and consequences for failing to meet these obligations, (Compl. ¶¶ 9-19); (2) Sati Investment breached the License Agreement and Connectivity Addendum by failing to perform certain obligations, (*id.* ¶¶ 35-39, 46-48); and (3) Plaintiff suffered damages as a result of Sati Investment's breach, (*id.* ¶¶ 40, 48). Similarly, with respect to the claim against Masters, Plaintiff has alleged that: (1) there was a contractual relationship between Plaintiff and Masters based on a Guaranty that set forth certain obligations and consequences for failing to meet those obligations, (*id.* ¶¶ 20-22); (2) Masters breached the Guaranty by failing to make any payments or perform or cause Sati Investment to perform the obligations required under the License Agreement, (*id.* ¶¶ 54-55); and (3) Plaintiff suffered

---

[1] Based on the proposed order submitted by Plaintiff as an exhibit to the instant motion, (D.E. No. 9-1), Plaintiff has waived its claims for an accounting (First Count), actual damages (Third Count), and unjust enrichment (Fifth Count). Plaintiff's proposed order only enters judgment against Defendants for liquidated damages, Recurring Fees, prejudgment interest on the liquidated damages and Recurring Fees, and attorneys' fees and costs. (*Id.*). Therefore, the Court will not address Plaintiff's claims for an accounting, actual damages, and unjust enrichment.

damages as a result of this breach, (*id.* ¶ 56).  Plaintiff has therefore sufficiently alleged a cause of action for breach of contract against Sati Investment and Masters.

Third, the Court concludes that entry of default judgment against Defendants is appropriate.  To determine whether granting default judgment is proper, the Court must make factual findings as to: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008).  Here, Defendants have failed to proffer a meritorious defense in response to Plaintiff's claims.  Moreover, the alleged facts do not indicate the existence of a meritorious defense.  *See Surdi v. Prudential Ins. Co. of Am.*, No. 08-225, 2008 WL 4280081, at *2 (D.N.J. Sept. 8, 2008).  Additionally, Plaintiff will suffer prejudice if the Court does not enter default judgment because Plaintiff has no other means of seeking damages for the harm caused by Defendants.  *See Gowan v. Cont'l Airlines, Inc.*, No. 10-1858, 2012 WL 2838924, at *2 (D.N.J. July 9, 2012); *see also Ramada Worldwide*, 2012 WL 924385, at *5 ("If a default judgment is not entered, RWI will continue to be harmed because it will not be able to seek damages for its injuries due to defendant's continuing refusal to participate in this case.  Furthermore, the amounts owed on the recurring fees and the liquidated damages are subject to interest." (internal quotation marks, citations, and alterations omitted)).  Finally, Defendants are culpable because, although they had notice of this action, they failed to properly participate.  *See Ramada Worldwide*, 2012 WL 924385, at *5.

### III. CONCLUSION

Accordingly, IT IS on this 25th day of June 2015,

**ORDERED** that Plaintiff Howard Johnson International's motion for default judgment, (D.E. No. 9), against Defendants Sati Investment and Kaushik Masters is hereby GRANTED as to the Second, Fourth, and Sixth Counts of the Complaint; and it is further

**ORDERED** that judgment is entered against Defendants, jointly and severally, in the amount of $87,127.83 in liquidated damages (inclusive of prejudgment interest), (*see* D.E. No. 9-3, Affidavit of Suzanne Fenimore in Support of Motion for Final Judgment by Default ("Fenimore Aff.") ¶¶ 29-33; Fenimore Aff., Ex. K; License Agr. §§ 7.3, 12.1); and it is further

**ORDERED** that judgment is entered against Defendants, jointly and severally, in the amount of $144,091.89 in Recurring Fees (inclusive of prejudgment interest), (*see* Fenimore Aff. ¶ 24; Fenimore Aff., Exs. J, K; License Agr. §§ 7.1, 7.3, 18.1); and it is further

**ORDERED** that Plaintiff is entitled to attorneys' fees in the amount of $7,800.00 and costs in the amount of $940.66, (*see* Couch Cert. ¶¶ 9-11; Couch Cert., Ex. B; License Agr. § 17.4); and it is further

**ORDERED** that the Clerk of the Court may close this case.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**